UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN A. RUSSO,<br><br>　　　　　Defendant. | No. 2:19-cr-0092 DB 1<br><br><br><br>ORDER |

On March 30, 2019, the government filed an information charging defendant with possession of a controlled substance in violation of 21 U.S.C. § 844(a). Defendant moves to enjoin the Department of Justice ("DOJ") from spending funds appropriated to it by Congress to prosecute him. On October 29, 2019, the undersigned heard argument on the motion. Attorney Ashley Bargenquast appeared for defendant. Assistant United States Attorney Chi Soo Kim appeared for the government. After considering the parties' briefs and the arguments of counsel, and good cause appearing, this court will deny defendant's motion for the reasons set out below.

## BACKGROUND

Defendant is an employee of Indigo Therapeutics, which is licensed by the State of California to manufacture and distribute cannabis products. It is alleged that on December 10, 2018, defendant picked up raw cannabis from a cultivator in Trinity County, California. While transporting the cannabis back to his manufacturing facility in Richmond, California, defendant

1

drove on State Highway 299 through the Shasta-Trinity National Forest. While there, defendant was stopped for a minor traffic violation by a United States Forest Service Officer. When asked whether he had any drugs in his vehicle, defendant responded that he had about 200 pounds of cannabis in the trailer attached to his truck. The officer cited defendant for a violation of 21 U.S.C. § 844(a), misdemeanor possession of a controlled substance.

On May 30, 2019, the government filed an information charging defendant with one count of a violation of § 844(a). On August 29, defendant filed the present motion. (ECF No. 15.) The government filed an opposition (ECF No. 20) and defendant filed a reply (ECF No. 21). The undersigned heard argument on October 29. (ECF No. 22.)

## MOTION TO ENJOIN

### I. Legal Standards

Each year since 2014, Congress has included a rider to the federal appropriations law prohibiting the Department of Justice ("DOJ") from using congressionally appropriated funds to interfere with state medical marijuana laws. The current rider, which is in all relevant respects identical to the 2018 rider, provides:

> None of the funds made available under this Act to the Department of Justice may be used, with respect to any of the States of . . . California, . . . to prevent any of them from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

Consolidated Appropriations Act, H.R. 648, 116th Cong. § 537 (2019) (names of numerous other states omitted) (hereafter "the rider").

In August 2016, the Ninth Circuit in United States v. McIntosh, 833 F.3d 1163 (9th Cir. 2016) considered application of the rider. After establishing that it had jurisdiction over the issue and that the defendants had standing to complain about the DOJ's use of funds, the Ninth Circuit examined the text of the rider, which it commented was "not a model of clarity." 833 F.3d at 1175. The court concluded that the rider "prohibits DOJ from spending funds from relevant appropriations acts for the prosecution of individuals who engaged in conduct permitted by the State Medical Marijuana Laws and who fully complied with such laws." Id. at 1177. Therefore, the rider does not prohibit DOJ from prosecuting "[i]ndividuals who do not strictly comply with

all state-law conditions regarding the use, distribution, possession, and cultivation of medical marijuana." Id. at 1178. Defendants are entitled to evidentiary hearings to "determine whether their conduct was completely authorized by state law, by which we mean that they strictly complied with all relevant conditions imposed by state law on the use, distribution, possession, and cultivation of medical marijuana." Id. at 1179.

Recently, the Ninth Circuit clarified that the defendant bears the burden of proving "it is more likely than not that the state's medical-marijuana laws 'completely authorized' [his] conduct." United States v. Evans, 929 F.3d 1073, 1077 (9th Cir. 2019). The court further explained that compliance is required with the state's substantive authorizations, as opposed to its procedural laws. "In other words, we ask whether the defendant has fully complied with the laws that allow the use, distribution, possession, or cultivation of medical marijuana." Id. at 1077-78.

## II. Level of Compliance with State Law

The parties disagree about the applicable standard for compliance with state law. The government argues that McIntosh is clear – to take advantage of the rider, a defendant must show he has "strictly complied" with "all state-law conditions regarding the use, distribution, possession, and cultivation of medical marijuana." McIntosh, 833 F.3d at 1178. "Strict compliance" is the standard cited by the Ninth Circuit when applying McIntosh, including as recently as September 2019 in United States v. Silkeutsabay, 776 F. App'x 538 (9th Cir. 2019) ("To reap [the rider's] protection, Appellants must establish that they strictly complied with Washington law in operating their medical marijuana dispensaries and farm." (citing McIntosh, 833 F.3d at 1178)). See also Evans, 929 F.3d at 1077; United States v. Gentile, No. 17-10254, 2019 WL 3302230, at *2 (9th Cir. July 23, 2019).

In his motion, defendant argued that because California law has become much more complex since the Ninth Circuit decided McIntosh, "the strict compliance standard no longer makes sense." (ECF No. 21 at 2.) However, defendant provided the court with no authority for a change in the standard. As set out above, the Ninth Circuit continues to employ the "strict compliance" standard. This court is bound by those decisions.

////

At the hearing, defendant's counsel focused on a somewhat different argument. Counsel argued that California's licensing requirements permit a licensee to correct regulatory violations in order to retain his license and to avoid citation. Counsel attempted to conflate both state licensing and criminal procedures with the federal law rider's requirement of strict compliance. Essentially, the defense argued that an individual entitled to a state license and entitled by state law to correct a regulatory error should be considered to have strictly complied with state marijuana laws under McIntosh. Again, however, defense counsel recognized that she had no authority to support that "new argument."

This court does not find defendant's argument persuasive. The fact that a state may allow licensing of an individual who has not strictly complied with every aspect of state law does not mean that individual is entitled to the benefit of the rider. Obtaining a license is an administrative procedure created by state law.[1] Once a license is obtained, a licensee must follow certain other state laws. See, e.g., Cal. Code Regs. tit. 16, Div. 42 (Bureau of Cannabis Control). Certainly, an individual may be both a valid state license holder and noncompliant with "all relevant conditions imposed by state law on the use, distribution, possession, and cultivation of medical marijuana." McIntosh, 833 F.3d at 1179. Further, this court finds no basis to conclude that the state's corrections process for some violations of the marijuana laws rolls over into federal law. Therefore, this court will apply the standard adopted in McIntosh and followed since then – to succeed on this motion, defendant must show he has "strictly complied" with all state-law conditions regarding the use, distribution, possession, and cultivation of medical marijuana.

**III.     Is Defendant Entitled to an Evidentiary Hearing?**

Defendant contends this court should hold an evidentiary hearing on his motion. The government argues that an evidentiary hearing is unnecessary because defendant conceded he has not fully complied with state law. This court agrees.

////

---

[1] Defendant sets out the licensing requirements in some detail in his briefing. (See ECF Nos. 15 at 5-7, 21 at 7-9.) Because this court does not find those requirements relevant to the analysis here, they will not be repeated.

4

The purpose of a McIntosh evidentiary hearing is "to determine [a defendant's] strict compliance with medical marijuana laws." United States v. Campbell, 754 F. App'x 563, 564 (9th Cir. 2019) (citing McIntosh, 833 F.3d at 1171). However, defendant does not contend that he has complied with every aspect of state law. In its brief, the government points to three[2] state law requirements for transporting marijuana and proffers evidence showing that defendant has not met those requirements:

1. Prior to transportation of cannabis, the distributor must provide a shipping manifest to the Bureau of Cannabis Control ("BCC"). Cal. Code Regs. tit. 16, § 5314(b). The government provides a copy of an e-mail from BCC showing that they have no such manifest records for the transport on December 10, 2018. (ECF No. 20-1 at 16-17.)

2. Cannabis must be transported in a locked box or other container that is secured inside a vehicle or trailer. Cal. Code Regs. tit. 16, § 5311(f). Photos provided by the government show that defendant had the marijuana inside the trailer in trash bags. (ECF No. 20-1 at 21, 22.)

3. Only the licensee, an employee of the licensee, or security personnel "who meets the requirements of section 5045 of this division" are permitted to be in the transport vehicle. Cal. Code Regs. tit. 16, § 5313(b). Defendant has not argued or attempted to show the passenger in his vehicle met any of these requirements.

The government does not bear the burden of proof on defendant's motion. Defendant bears the burden of establishing he is entitled to the benefit of the rider. Defendant makes no attempt to refute the government's argument or evidence that he has not complied with these three state law requirements.

////

---

[2] The government also pointed to a fourth requirement – that a licensed distributor who is transporting cannabis must provide proof that he owns any vehicle and trailer used to transport cannabis. Cal. Code Regs. tit. 16, § 5312(a). The government provides a copy of a rental contract for the U-Haul defendant used on the date he was cited. (ECF No. 20-1 at 19.) However, the defense argued at the hearing that the law in effect in December 2018 required either leasing or ownership. The court need not resolve this issue because, as discussed in the text, the government shows three other violations that defendant has not contested.

As explained by defendant's counsel at the hearing, rather than seeking an evidentiary hearing to establish strict compliance with every aspect of state law, defendant seeks an evidentiary hearing to show that his violations of state law would be correctable and would not affect his state medical marijuana license. This court determined in the prior section that the fact defendant may be a valid license holder and that defendant may be able to correct some state law violations does not mean he has met the McIntosh standard of strict compliance with the state's marijuana laws.

McIntosh does not automatically entitle defendant to an evidentiary hearing. In United States v. Gloor, 725 F. App'x 493, 495 (9th Cir. 2018), the defendant filed a pretrial motion to dismiss the indictment pursuant to the rider. The district court denied the motion without an evidentiary hearing. While his appeal was pending, the Ninth Circuit decided McIntosh. Defendant Gloor then argued on appeal that he should be entitled to an evidentiary hearing under McIntosh regarding his compliance with state law. The court held that an evidentiary hearing is not required where the defendant "has not made factual allegations sufficient to warrant an evidentiary hearing." 725 F. App'x at 495. To be entitled to a hearing, a defendant must demonstrate a "genuine factual dispute as to his strict compliance with state law." Id. at 496. While this court recognizes that Gloor was in a very different procedural posture than the present case, its determination that a defendant must demonstrate some factual dispute to obtain a hearing should apply here as well.

Defendant here does not argue he has strictly complied with California law, much less shown a genuine dispute of fact regarding his compliance. Even if defendant could prove everything he seeks to prove at a hearing – that his regulatory errors were correctible and would not affect his license, he would not be entitled to the benefit of the rider. Accordingly, this court finds no basis upon which to conduct a McIntosh evidentiary hearing.

**IV.     Conclusion**

Defendant has not met his burden of proving it is more likely than not he "fully complied with [California's] laws that allow the use, distribution, possession, or cultivation of medical marijuana." Evans, 929 F.3d at 1077-78. Because defendant fails to establish he is entitled to the

6

benefits of the rider, this court need not consider the government's argument that the rider is inapplicable because defendant was on federal land when he was cited.

For the foregoing reasons, IT IS HEREBY ORDERED that defendant's motion to enjoin the DOJ from spending funds from the Appropriations Act on his prosecution (ECF No. 15) is denied and defendant's accompanying request for an evidentiary hearing (ECF No. 15) is also denied.

Dated: October 30, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/orders.consent/russ0092.or