UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN A. RUSSO,<br><br>    Defendant. | No. 2:19-cr-0092 DB 1<br><br><br>ORDER |

On May 30, 2019, the government filed an information charging defendant with possession of a controlled substance in violation of 21 U.S.C. § 844(a). On February 25, 2020, the court heard argument on defendant's motion to dismiss the information due to the government's destruction of evidence. Attorney Joseph Tully appeared for defendant. Assistant United States Attorney Alstyn Bennett appeared for the government. After considering the parties' briefs and the arguments of counsel, and good cause appearing, this court will deny defendant's motion for the reasons set out below.

**BACKGROUND**

Defendant is an employee of Indigo Therapeutics, which is licensed by the State of California to manufacture and distribute cannabis products. On December 10, 2018, defendant picked up raw cannabis from a cultivator in Trinity County, California. While transporting the cannabis back to his manufacturing facility in Richmond, California, defendant drove on State

Highway 299 through the Shasta-Trinity National Forest. While there, defendant was stopped for a minor traffic violation by a United States Forest Service Officer. When asked whether he had any drugs in his vehicle, defendant responded that he had about 200 pounds of marijuana in the trailer attached to his truck. Forest Service Officer Timothy Stiefken cited defendant for a violation of 21 U.S.C. § 844(a), misdemeanor possession of a controlled substance.

Officer Stiefken photographed clear baggies of plant material and large black garbage bags in the trailer. (See ECF No. 27-1 at 16.) He took a ten pound sample of the seized cannabis and placed it in a Forest Service storage locker. (Stiefken Decl. (ECF No. 28-1, ¶ 4.) According to the Statement of Probable Cause signed on December 10, 2018, the remaining 204 pounds of evidence was destroyed that day. (ECF No. 1-2.)

On December 20, 2018, hemp was stricken from the Controlled Substances Act. Prior to that time, hemp was not distinguished from marijuana. As a result of the December 20, 2018 amendment to the Act, cannabis with less than .3 percent tetrahydrocannabinol ("THC") is classified as "hemp" and is no longer considered "marijuana," a Schedule 1 controlled substance. 7 U.S.C. § 1639o(1); 21 U.S.C. § 802(16)(B).

On May 30, 2019, the government filed an information charging defendant with one count of a violation of § 844(a). On January 21, 2020, defendant filed the present motion. (ECF No. 27.) The government filed an opposition (ECF No. 28) and defendant filed a reply (ECF No. 31).

## MOTION TO DISMISS UNDER TROMBETTA

**I. Legal Standards**

The government's alleged failure to preserve evidence is considered under the test established in California v. Trombetta, 467 U.S. 479 (1984), and Arizona v. Youngblood, 488 U.S. 51 (1988). Under Trombetta, the government's failure to preserve evidence violates a defendant's due process rights if the unavailable evidence "possess[ed] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." 467 U.S. at 489. Later, in Youngblood, the Supreme Court added a third requirement for establishing a due process violation, holding that "unless a criminal defendant can show bad faith on the part of the

police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." 488 U.S. at 58; see also Miller v. Vasquez, 868 F.2d 1116, 1120 (9th Cir. 1989) ("[A] bad faith failure to collect potentially exculpatory evidence would violate the due process clause."). "*Youngblood's* bad faith requirement dovetails with the first part of the *Trombetta* test: that the exculpatory value of the evidence be apparent before its destruction." United States v. Cooper, 983 F.2d 928, 931 (9th Cir. 1993). "The presence or absence of bad faith turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed." Id.

The Court in Trombetta noted that a showing that the government disposed of evidence in accord with normal practices could demonstrate good faith. Trombetta, 467 U.S. at 488. The reverse also has evidentiary value. A departure from normal procedures could be evidence of bad faith. See United States v. Dring, 930 F.2d 687, 695 (9th Cir. 1991)

**II. Analysis**

Defendant argues that Officer Stiefken's destruction of most of the seized cannabis prevented him from arguing at trial that the tetrahydrocannabinol ("THC") content of the cannabis was so low that it was hemp, not marijuana. For several reasons, defendant fails to meet the standards set out in Trombetta and Youngblood.

First, defendant fails to demonstrate that the destroyed evidence had potential exculpatory value. Defendant was charged only with possession of marijuana. He fails to show that the amount of marijuana he possessed is relevant to that charge. At the hearing, defendant's counsel argued that it was "obvious" that the defense at trial of possession of 200 pounds of marijuana would be different than the defense of 10 pounds of marijuana. Counsel did not further explain. This court does not find counsel's conclusion that the evidence had exculpatory value on that basis to be obvious.

Defendant also argues that destruction of the evidence prevents him from arguing at trial that he believed he was transporting only hemp. However, defendant's counsel admitted at the hearing that he was not challenging defendant's statement to the officer that he was transporting "marijuana." Further, at the time defendant was pulled over, hemp was not legally distinct from

3

marijuana. The Act distinguishing it from marijuana and removing it from Schedule 1 was not effective until December 20, 2018, ten days after defendant was cited. On these facts, defendant's argument that he thought he was transporting legal hemp falls flat. Defendant fails to establish the evidence had exculpatory value.

Second, even if the evidence was potentially exculpatory, defendant fails to show Officer Stiefken destroyed it in bad faith. Defendant argues that the officer's failure to strictly comply with Forest Service policy regarding the destruction of evidence demonstrates, without more, bad faith.

Forest Service policy is reflected in the Forest Service Handbook.[1] Section 22.42f sets out the procedures for handling perishable items. It states:

> Perishable items, such as trees, plants, mushrooms, or food products, should be photographed; a representative sample taken; and the remaining property disposed of according to the guidelines established by the courts and the U.S. attorney's office. Ensure that all disposal orders for perishable evidence are maintained by the investigating officer. In the event it is necessary to store the perishable evidence, the evidence officer should make those arrangements.

(ECF No. 28-1 at 4.) The government contends that destruction of all but ten pounds of the evidence was standard Forest Service protocol under this section. Defendant argues that the photographs taken of the evidence destroyed are insufficient and that there is no indication that the ten-pound sample retained is "representative."

Even if it is true that Officer Stiefken failed to strictly comply with Forest Service procedures, and this court is not so finding, that fact alone would not establish bad faith. Bad faith requires a showing of "official animus" or "a conscious effort to suppress exculpatory evidence." Trombetta, 467 U.S. at 488. Defendant must establish that Stiefken acted with more

---

[1] The form filled out by Officer Stiefken states that the evidence disposal was conducted in conformance with "Forest Service Handbook 5309.11, Chapter 20, Section 22.5." (ECF No. 28-1 at 6.) It appears that this handbook is not published in the Federal Register or the Code of Federal Regulations. See Western Radio Serv. Co., Inc. v. Espy, 79 F.3d 896, 901 (9th Cir. 1996) (The Forest Service manual and handbook are a "series of procedures for the conduct of Forest Service activities" and "do not have the independent force and effect of law." (internal quotation marks omitted) (citing 36 C.F.R. §§ 200.4(b), (c)(1), (d)(1) (1995).).

4

than negligence or recklessness. United States v. Flyer, 633 F.3d 911, 916 (9th Cir. 2011) (government's unintentional mishandling of evidence does not establish bad faith); United States v. Lopez-Rocha, 322 F. Supp. 3d 1040, 1048 (S.D. Cal. 2018). Defendant fails to show any noncompliance with the Forest Service policies was done in a conscious effort to suppress exculpatory evidence. See United States v. Gibson, No. CR 11-00734 WHA, 2012 WL 1123057, at *3 (N.D. Cal. Apr. 3, 2012) (officer's failure to strictly comply with policies for the collection of evidence did not establish bad faith; "there was no evidence to show his purported noncompliance was done in bad faith"). This court finds defendant has failed to meet his burden of establishing bad faith under Trombetta and Youngblood.

For the foregoing reasons, IT IS HEREBY ORDERED that defendant's motion to dismiss the information (ECF No. 27) is denied.

Dated: March 3, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/orders.consent/russ0092.trombetta or

5